UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ADRIAN M. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:17CV69 HEA |
| | ) |
| KEVIN COATES, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's applications for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed this action on October 10, 2017, while he was a pretrial detainee at Marion County Jail. *See State of Missouri v. Adrian M. Jones*, Case No. 17MR-CR00051-01 (Marion County). Petitioner alleges he has been kidnapped and seized against his will. He states, "There is no injured party so I demand this charge to be dismissed and I demand for the off set of the charge for the boxes to be removed and the plane [sic] to be level. I am a living soul and I reserve all of my rights without prejudice." In an amended petition, petitioner states he wants the Court to "RELEASE MY BEING expressed as Adrian M Jones but being construed as the property ADRIAN M JONES the proper syntax are invalid in every document. I have been kidnapped and forced. Release me AS SOON AS POSSIBLE."

The Court notes that review of Missouri Case.Net shows that petitioner was arrested on October 6, 2017 for the Class E Felony of Domestic Assault in the Third Degree. *See State of Missouri v. Adrian M. Jones*, Case No. 17MR-CR00051-01 (Marion County). On October 13, 2017, he was served another warrant while in Marion County Jail for Assault in the Fourth

Degree and Resisting/Interfering with Arrest for a Felony. *See State of Missouri v. Adrian M. Jones*, Case No. 17MN-CR00221 (Monroe County). On November 2, 2017, petitioner withdrew his plea of not guilty and entered a plea of guilty to the domestic assault charges. The Marion County Court granted defendant a suspended execution of sentence and placed him on probation with the Missouri State Office of Probation and Parole for five years. Plaintiff posted bond in his Monroe County case, and a preliminary hearing is set for November 14, 2017.

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999).

Courts have found that "special circumstances" exist where double jeopardy is at issue or where a speedy trial claim is raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); Blanck, 48 F. Supp. 2d at 860 (double jeopardy). Here, petitioner does not raise a speedy trial or double jeopardy claim. The grounds raised by petitioner do not appear to constitute the "special circumstances" required for a finding that he has exhausted his available state remedies.[1] Petitioner has failed to include enough facts to allow the Court to

---

[1] In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction.

(2)

evaluate his conclusory allegations, and most importantly, the claims raised by petitioner could be adequately raised with his appointed counsel in his state proceedings. As a result, the Court will deny and dismiss the petitions, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 are **DENIED** and **DISMISSED** without prejudice. [ECF Nos. 1, 3, and 4]

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **DENIED as moot** because petitioner paid the five dollar filing fee. [ECF No. 5]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of November, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

*Braden*, 410 U.S. at 484. Missouri law provides at least three distinct avenues for a pre-trial detainee to challenge unconstitutional conduct: filing a declaratory action, filing a state petition for habeas corpus, or filing a petition for writ of mandamus. *See Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner did not fully exhaust his state remedies before bringing this action.